BARRY J. PORTMAN
Federal Public Defender
ANGELA M. HANSEN
Assistant Federal Public Defender
555 - 12th Street, Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant BUTTNER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-08-00404 SBA |
| ) | |
| Plaintiff, ) | STIPULATION AND ORDER FINDING |
| ) | DEFENDANT INCOMPETENT TO |
| v. ) | STAND TRIAL, COMMITTING HIM TO |
| ) | CUSTODY OF ATTORNEY GENERAL |
| ) | FOR TREATMENT AND EXCLUDING |
| JERRY BUTTNER, ) | TIME UNDER THE SPEEDY TRIAL ACT |
| ) | |
| Defendant. ) | Date:  April 21, 2009 |
| ) | Time:  9:00 a.m. |
| ) | |
| _____ ) | |

The above-captioned matter is set on April 21, 2009 for a status hearing as to defendant Jerry Buttner's competency. Based on a Federal Bureau of Prisons ("BOP") Forensic Evaluation and Report dated March 20, 2009 ("Report"), the parties respectfully request that the Court find Mr. Buttner presently incompetent to stand trial and commit him to the custody of the Attorney General for up to four months so that he can be hospitalized for treatment. The parties further request that this matter be continued to September 15, 2009 to allow sufficient time for Mr. Buttner to be transferred and treated at a suitable BOP facility, and that the Court exclude time under the Speedy Trial Act between the date of this stipulation and September 15, 2009.

On December 8, 2008, pursuant to 18 U.S.C. § 4241(b) and § 4247(b) and defense counsel's unopposed motion, the Court ordered that the United States Marshal Service transfer

Stip. Req. re Defendant's Competency and to
Exclude Time, No. CR-08-404 SBA

Mr. Buttner to the custody of the Attorney General for placement in a suitable BOP medical facility for a mental competency evaluation. Based upon a declaration of counsel regarding Mr. Buttner's behavior, the Court found that there was reasonable cause to believe that Mr. Buttner was suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Pursuant to the Court's December 2008 Order, the Attorney General sent Mr. Buttner to the Metropolitan Detention Center in Los Angeles, California where he was evaluated by Chief Forensic Psychologist Ralph Ihle, Ph.D., and his staff. On March 20, 2009, Dr. Ihle completed a detailed forensic evaluation, finding Mr. Buttner to have "signs or symptoms of a major mental disorder that impairs his present ability to understand the nature and consequences of the court proceedings against him and his ability to properly assist counsel in his defense."[1] Report at 17.[2] Dr. Ihle recommended that "Mr. Buttner be committed to a federal medical center for treatment for restoration to competency to stand trial." *Id*. at 18.

The parties agree that based on Dr. Ihle's findings, a preponderance of the evidence establishes that Mr. Buttner presently "suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). As a result, the parties agree that Mr. Buttner should be committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, and hospitalized for treatment in a suitable facility "to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." *Id*. at §

---

[1] Forensic Psychologist Tiffany K. Brown, Ph.D., also signed the Report.

[2] It is the parties understanding that the Court received a copy of the Report directly from the BOP. Because of the confidential nature of the information in the report, it is not attached hereto.

1 | 4241(d)(1). By agreeing that Mr. Buttner is incompetent and should be referred for treatment,
2 | counsel for Mr. Buttner does not agree that he should be forcibly medicated. If the BOP
3 | determines that this is an avenue that should be pursued should Mr. Buttner reject medication,
4 | both parties expect that the BOP will so notify the Court so that a hearing can be conducted
5 | pursuant to Sell v. United States, 539 U.S. 166, 178 (2003) (holding that "an individual has a
6 | 'significant' constitutionally protected 'liberty interest' in 'avoiding the unwanted administration
7 | of antipsychotic drugs.")(quoting Washington v. Harper, 494 U.S. 210 (1990)).

8 |      The parties believe that a continuance until September 15, 2009 would be appropriate to
9 | allow for Mr. Buttner's transport and treatment at a suitable facility. For these reasons, the
10 | parties stipulate and agree that the Court should continue this matter from April 21, 2009 until
11 | September 15, 2009 at 9:00 a.m. The parties further stipulate and agree that the Court should
12 | exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), between the date of this
13 | stipulation and April 21, 2009 to allow adequate time for the determination of the mental
14 | competency of defendant.

15 | DATED: April 16, 2009

17 | _____/S/_____   _____/S/_____
ANDREW HUANG                          ANGELA HANSEN
Assistant United States Attorney      Counsel for Defendant

# ORDER

Based on the reasons provided in the stipulation of the parties above, the Court hereby FINDS:

1. Given Dr. Ihle's findings in his March 20, 2009 report with respect to defendant's competency, namely that Mr. Buttner presently suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

2. Given that Dr. Ihle's report establishes by a preponderance of the evidence that Mr. Buttner presently suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

3. Given that the parties agree that Mr. Buttner should be committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, and hospitalized for treatment in a suitable facility to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

Based on these findings, and pursuant to 18 U.S.C. §§ 4241(d) and 4241(d)(1), the Court hereby finds by a preponderance of evidence that Mr. Buttner presently suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

For these reasons, IT IS HEREBY ORDERED that Mr. Buttner is committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, and is to be hospitalized for treatment in a suitable facility to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.  This order does not authorize the BOP to forcibly medicate Mr. Buttner at this time.

IT IS FURTHER ORDERED that the status hearing date of April 21, 2009, at 9:00 a.m., before the Honorable Saundra Brown Armstrong, is vacated and reset for September 15, 2009, at 9:00 a.m.  Pursuant to 18 U.S.C. § 3161(h)(1)(A), the time between the date of this stipulation and September 15, 2009 is excluded under the Speedy Trial Act to allow sufficient time for the determination of the mental competency of defendant.

DATED:_4/17/09                              _____
                                            HON. SAUNDRA BROWN ARMSTRONG
                                            United States District Judge