1  BARRY J. PORTMAN
   Federal Public Defender
2  ANGELA M. HANSEN
   Assistant Federal Public Defender
3  555 - 12th Street, Suite 650
   Oakland, CA 94607-3627
4  Telephone: (510) 637-3500

5  Counsel for Defendant BUTTNER

6

7                      UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9                              OAKLAND DIVISION

10  UNITED STATES OF AMERICA,        )   No. CR-08-00404 SBA
                                     )
11         Plaintiff,                )   STIPULATION AND ORDER
                                     )   CONTINUING STATUS HEARING DATE
12     v.                            )   AND CONTINUING THE
                                     )   COMMITMENT OF DEFENDANT TO
13                                   )   CUSTODY OF ATTORNEY GENERAL
    JERRY BUTTNER,                   )   FOR TREATMENT AND EXCLUDING
14                                   )   TIME UNDER THE SPEEDY TRIAL ACT
           Defendant.                )
15                                   )   Date:     September 15, 2009
                                     )   Time:     9:00 a.m.
16  _____)

17        The above-captioned matter is set on September 15, 2009 for a status hearing as to

18  defendant Jerry Buttner's competency. On April 17, 2009, based on a Federal Bureau of Prisons

19  ("BOP") Forensic Evaluation and Report dated March 20, 2009, the Court found Mr. Buttner

20  presently incompetent to stand trial and committed him to the custody of the Attorney General

21  for up to four months so that he could be hospitalized for treatment. The Attorney General sent

22  Mr. Buttner to the BOP's Federal Medical Center in Butner, North Carolina. On June 8, 2009,

23  the Warden at Butner sent a letter informing the Court and parties that it needed three additional

24  weeks to complete Mr. Buttner's evaluation and report. As a result, the parties jointly request

25  that this matter be continued to November 3, 2009 at 9:00 a.m. to allow sufficient time for the

26  Mr. Buttner to be evaluated, a report to be completed and reviewed by the parties, and for Mr.

Stip. Req. to Continue Status re Competency and
to Exclude Time, No. CR-08-404 SBA

1  Buttner to be transported back to the Northern District of California, if appropriate.  The parties
2  further stipulate and agree that the Court should exclude time under the Speedy Trial Act
3  between the date of this stipulation and November 3, 2009.

## BACKGROUND

On December 8, 2008, pursuant to 18 U.S.C. § 4241(b) and § 4247(b) and defense counsel's unopposed motion, the Court ordered that the United States Marshal Service transfer Mr. Buttner to the custody of the Attorney General for placement in a suitable BOP medical facility for a mental competency evaluation.  Based upon a declaration of counsel regarding Mr. Buttner's behavior, the Court found that there was reasonable cause to believe that Mr. Buttner was suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Pursuant to the Court's December 2008 Order, the Attorney General sent Mr. Buttner to the Metropolitan Detention Center in Los Angeles, California where he was evaluated by Chief Forensic Psychologist Ralph Ihle, Ph.D., and his staff.  On March 20, 2009, Dr. Ihle completed a detailed forensic evaluation, finding Mr. Buttner to have "signs or symptoms of a major mental disorder that impairs his present ability to understand the nature and consequences of the court proceedings against him and his ability to properly assist counsel in his defense."  Report at 17. Dr. Ihle recommended that "Mr. Buttner be committed to a federal medical center for treatment for restoration to competency to stand trial."  *Id*. at 18.

Based on Dr. Ihle's findings, on April 17, 2009, the Court found that a preponderance of the evidence established that Mr. Buttner presently "suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  Court Order at p.4 (CR 20) (referencing 18 U.S.C. § 4241(d)).  As a result, the Court committed Mr. Buttner to the custody of the Attorney General for a reasonable period of time, not to exceed four

1 months, to be hospitalized for treatment in a suitable facility to determine whether there is a
2 substantial probability that in the foreseeable future he will attain the capacity to permit the
3 proceedings to go forward. *Id.*

4 Through the U.S. Marshal Service, the Attorney General transported Mr. Buttner to the
5 BOP's Federal Medical Center in Butner, North Carolina, where Mr. Buttner has been evaluated
6 for the last four months. *See* June 8, 2009 Warden Sara Revell letter. Mr. Buttner arrived at the
7 facility on May 26, 2009. *Id.* On June 8, 2009, Sara Revell, the Complex Warden, sent a letter
8 to the Court informing the Court and parties that it needed until September 22, 2009 to complete
9 Mr. Buttner's evaluation. Thereafter, Warden Revell stated that her staff would need two
10 additional weeks – until October 6, 2009 – to complete Mr. Buttner's report. *Id.* Because Mr.
11 Buttner arrived at the facility on May 26, 2009, the September 22, 2009 estimate for the BOP
12 staff to complete Mr. Buttner's evaluation is within the four-month term authorized under 18
13 U.S.C. § 4241(d)(1).

14 **STIPULATION**

15 The parties believe that a status hearing regarding Mr. Buttner's competency should be
16 continued until November 3, 2009 for the following reasons: (1) to allow for the BOP staff to
17 complete Mr. Buttner's evaluation on September 22, 2009; (2) to allow sufficient time for the
18 BOP staff to prepare a thorough report; (3) to allow sufficient time for the Court and parties to
19 review and study the final report and to prepare for a status hearing regarding Mr. Buttner's
20 competency; and (4) to allow sufficient time for the U.S. Marshal Service to transport Mr.
21 Buttner back to the Northern District of California, provided the BOP has restored him to
22 competency.

23 For these reasons, the parties stipulate and agree that the Court should continue this
24 matter from September 15, 2009 to November 3, 2009 at 9:00 a.m. The parties further stipulate
25 and agree that the Court should exclude time under the Speedy Trial Act, between the date of
26 this stipulation and November 3, 2009, to allow adequate time for the determination of the

mental competency of defendant, 18 U.S.C. § 3161(h)(1)(A), and to allow sufficient time for transportation of Mr. Buttner from his place of examination and hospitalization, 18 U.S.C. § 3161(h)(1)(F). The parties further agree that an exclusion of time is appropriate under 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), because the ends of justice served by this continuance outweigh the best interest of the public and defendant in a speedy trial, because it will allow counsel for defendant and the government the reasonable time necessary for effective preparation regarding Mr. Buttner's competency, taking into account the exercise of due diligence.

DATED: September 10, 2009

_____/S/_____     _____/S/_____
ANDREW HUANG                                          ANGELA HANSEN
Assistant United States Attorney               Counsel for Defendant

# ORDER

Based on the reasons provided in the stipulation of the parties above, the Court hereby FINDS:

1. Given that the Court has previously found that Mr. Buttner presently suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

2. Given that on April 17, 2009, the Court committed Mr. Buttner to the custody of the Attorney General for a reasonable period of time, not to exceed four months, to be hospitalized for treatment in a suitable facility;

3. Given that Mr. Buttner was sent to a BOP medical facility in Butner, North Carolina and the Warden at that facility indicated in a letter dated June 8 that her staff would need until September 22, 2009 to complete Mr. Buttner's evaluation;

4. Given that Mr. Buttner arrived at the BOP facility on May 26, 2009, and given that the September 22, 2009 date for the BOP staff to complete Mr. Buttner's evaluation is within the four-month term authorized under 18 U.S.C. § 4241(d)(1);

5. Given that the BOP needs until October 6, 2009 to complete Mr. Buttner's report, and that the Court and parties need time to review the report to be prepared for a status hearing regarding Mr. Buttner's competency; and

6. Given that the U.S. Marshal will need time to transport Mr. Buttner to the Northern District of California following his evaluation, provided he is found to have been restored to competency.

Based on these findings, IT IS HEREBY ORDERED that Mr. Buttner's commitment to the Attorney General for hospitalization is continued until September 22, 2009 so that the BOP can determine whether there is a substantial probability that in the foreseeable future Mr. Buttner will attain the capacity to permit the proceedings to go forward.

1    IT IS FURTHER ORDERED that the status hearing date of September 15, 2009, at 9:00
2 a.m., before the Honorable Saundra Brown Armstrong, is vacated and reset for November 3,
3 2009, at 9:00 a.m.  Pursuant to the Speedy Trial Act, the time between the date of this stipulation
4 and November 3, 2009 is excluded under to allow sufficient time for the determination of the
5 mental competency of defendant, 18 U.S.C. § 3161(h)(1)(A), and to allow sufficient time for
6 transportation of Mr. Buttner from his place of examination and hospitalization, 18 U.S.C. §
7 3161(h)(1)(F).  Time is further excluded pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv),
8 because the ends of justice served by the continuance requested outweigh the best interest of the
9 public and defendant in a speedy trial, and will allow counsel for defendant and the government
10 the reasonable time necessary for effective preparation, taking into account the exercise of due
11 diligence.

13 DATED:9/14/09

HON. SAUNDRA BROWN ARMSTRONG
14 United States District Judge